José Quiñones Medina, Plaintiff and Appellant, *v.* Josefina B. de Riera, etc., Defendant and Appellee.

No. 7258.   Argued May 7, 1937.—Decided June 18, 1937.

C. H. Juliá for appellant.   *Dubón & Ochoteco* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

José Quiñones Medina filed suit against Josefina B. widow of Riera as representative of the estate of José D. Riera. A motion to strike certain parts of the complaint was presented and the court considered that, with the exception of one phrase, all matters should, as prayed, be stricken. The plaintiff then filed an amended complaint. On appeal the plaintiff, among others, complaints of error in granting the motion to strike.

■ An amended complaint, except for certain purposes not involved in this appeal, is a complete substitute for an original complaint. The latter disappears from the pleadings for all other purposes. The following statement from Bancroft's Code Pleading sufficiently well expresses our idea of the law:

"Effect as superseding original pleading.—It is a general rule that when an amended complaint is properly filed and served, the original ceases to perform any function as a pleading. An amended complaint supersedes the original, and determines the issues in the absence of supplemental pleadings. The original is not however, superseded for all purposes; it may be considered as a part of the record of the case for the purpose of showing when the action was commenced, and whether or not a new or different cause of action was introduced by the amendment." Vol. 1, p. 810, sec. 561.

"It follows from the rule that an amended pleading supersedes the original, that a demurrer to an amended peading must be determined from a consideration of that alone; in the absence of any reference to the allegations in the original, the allegations therein will be considered as abandoned and of no assistance to the subsequent petition when attacked upon demurrer. So also upon appeal, the original may not be considered for any purpose, if a demurrer thereto has been sustained and the action has been tried on an amended complaint. Similarly, where an amended complaint which is unobjectionable has been filed, an objection upon appeal from a judgment therein that the original complaint failed to state a cause of action is untenable." Id., p. 812, sec. 562.

To the amended complaint another motion to strike was presented and granted for all the purposes proposed. The plaintiff stood on this amended complaint and asked the court for judgment. The court, in compliance, rendered judgment dismissing the amended complaint. Errors are assigned.

■■ This was a case where, according to the amended complaint, the plaintiff, in the month of April 1922, in La Perla, leased from Riera, predecessor of defendant, a piece of land duly described. Riera's representative, so it was averred, would only allow a house to be built on the land

by the plaintiff, if he should pay $3.00 a month rental. At a later period the rental was increased to $3.50 a month and at still a later time to $6.00 a month.

The rest of the said complaint is as follows:

"*Seventh.*—That on the 23rd of September, 1933, the plaintiff received a letter from the Department of the Interior signed by Mr. Francisco Pons, then Commissioner of the Interior, wherein it was indicated to the plaintiff that his house was located on property belonging to the People of Puerto Rico.

"*Eighth.*—That the defendant herein collected all the rents which were paid by the plaintiff on the dates specified above, with full knowledge that she had no right to collect said amounts.

"*Ninth.*—That the sum paid by the present plaintiff as rent, and unduly collected by the defendant, amounts to $735.50.

"*Tenth.*—That whereas the defendant has collected such amounts the plaintiff has a right to be credited with legal interest on the princ'pal sum so paid.

"*Eleventh.*—That in spite of the numerous demands for payment made by the plaintiff to the defendant the latter has not, either in person or through anyone in her behalf, paid the sum above specified or any part thereof. That such amount is liquidated, demandable (*exigible*) and due."

Parts of the paragraphs previous to those copied above were also stricken by the order of the court but it is unimportant to consider them.

Part or all of the seventh paragraph was stricken at the instance of the defendant because a mere manifestation of an officer of the government could not bind the defendant. From the eighth paragraph the following phrase was eliminated: "The defendant, knowing that she did not have the right to recover said amounts, . . ." The tenth and eleventh paragraphs were entirely stricken, and the words eliminated, along with the eighth paragraph, were the gist of the action. The plaintiff herein was seeking to recover rents which he averrred had been unduly obtained from him inasmuch as the defendant or her predecessor knew that neither of them had any title.

The court held that the error was one of law, but we are not at all convinced that it might not have been one of fact. When a person falsely claims title to a piece of land and rents it, we have some difficulty in seeing always a mistake of law.

Assuming that the motion to strike was the proper procedure to dispose of the whole case, a matter on which we have some doubts, then practically all the parts stricken could not aid plaintiff in stating a cause of action. If a man in possession turns over that possession to another and receives rents for the land, thus giving the other man a lease, the lessor gives the lessee a *quid pro quo*. Whether the claimed title of the lessor is good or bad, the lessee receives that for which he has bargained. The plaintiff in this case was maintained in the peaceful enjoyment of the possession of the land for all the period during which he was paying rents.

While we have some idea that the court may have been right in striking various matters from the complaint and ultimately when the plaintiff refused to amend rendering judgment, nevertheless the total effect of the action of the parties and the court leading up to judgment was to say that the plaintiff had no cause of action. A demurrer would have been the better procedure. However, the lack of a cause of action can be raised practically at any stage of the proceeding and can be now.

This is not the case where a man was falsely induced, by the representatives of the defendant, to build a house on the land. The suit is distinctly based on the undue recovery of rents. Even if the defendant was the full owner she could terminate the lease and leave the plaintiff to whatever rights he might have to the house. What these rights are, we need not undertake to determine in this case.

The judgment should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.